IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEPHEN PATRICK HAFFEY, | CV 21-50-BLG-SPW-KLD |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA PAROLE AND PROBATION, | |
| Respondent. | |

Petitioner Stephen Patrick Haffey is a state prisoner, proceeding pro se and in forma pauperis.  Haffey seeks relief pursuant to 28 U.S.C. § 2254.  On June 7, 2021, this Court directed Haffey to file an Amended Petition.  (Doc. 3.)  Haffey subsequently requested an extension of time to file his Amended Petition, which was granted.  See, (Docs. 4 & 5.) But despite being provided additional time, Haffey has failed to respond to comply Court's order.  Accordingly, the Court will recommend this matter be dismissed based upon Haffey's failure to prosecute.

## I.     Failure to Prosecute

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action.  The Court may dismiss a case on its own

without awaiting a motion.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv*., 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Haffey has failed to file his Amended Complaint within the requisite timeframe, despite being provided additional time to do so.  This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal.  "The trial judge is in the best position to determine whether the delay in a particular case interferes with

docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002).  The Court cannot manage its docket if Haffey refuses to comply with the Court's orders.  Haffey's case has consumed judicial resources and time that could have been better spent on other matters.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Haffey was provided with an explanation of the information the Court required, was provided Amended Petition forms on two separate occasions, and was afforded an extension of time within which to file his Amended Petition.  Haffey failed entirely to comply with the Court's orders.  At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9ᵗʰ Cir. 1998).  But in light of the other four factors favoring dismissal, the weight of this factor is slight.  The Court will therefore recommend that this matter be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Haffey attempts to advance do not appear to make a substantial showing that he was deprived of a constitutional right.  Moreover, no reasonable

jurist would suggest the Court go forward with the case without Haffey's

participation.  A certificate of appealability should be denied because reasonable

jurists would find no reason to encourage further proceedings.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Haffey's petition (Doc. 1) should be DISMISSED under Fed. R. Civ. P.

41(b) for failure to prosecute.

2.  The Clerk of Court should be directed to a judgment of dismissal by

separate document.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO OBJECT
## TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES
## OF FAILURE TO OBJECT

Haffey may file objections to these Findings and Recommendations within

fourteen (14) days after service.  28 U.S.C. § 636.  Failure to timely file written

objections may bar a de novo determination by the district judge and/or waive the

right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 9th day of August, 2021.

/s/ *Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge